WILLIAMS et al. v. SOWARDS et al.

No. 33720. June 27, 1950.

*219 P. 2d 1005.*

Embry & Sutton, of Chandler, for plaintiffs in error.

Paul E. Gutensohn, of Fort Smith, Ark., and Courtland M. Feuquay, of Chandler, for defendants in error.

JOHNSON, J. The parties herein occupy the same positions as in the trial court, and hereafter they will be referred to as plaintiffs and defendants, respectively.

Plaintiffs' petition alleged that they were the owners of the N.E. 1/4 of section 23, township 14 north, range 3; that they acquired their title by warranty deed dated July 21, 1944, from Maud E. Gayman and Mark W. Gayman, her husband, the deed being duly recorded in Book 106, page 222, of the deed records of Lincoln county, Oklahoma; that defendant Willard Sowards claims some adverse interest in said property, constituting a cloud on plaintiffs' title, by reason of an oil and gas lease dated November 18, 1944, and filed for record November 27, 1944, in Miscellaneous Record 138, page 192, and also by virtue of a quitclaim deed from defendant E. F. Gutensohn dated October 30, 1944, and filed November 27, 1944, in Quitclaim Deed Record 107, page 447 of said county; that said lease

and deed were void because E. F. Gutensohn had no title to said property. Plaintiff prayed that both instruments be canceled and their title be confirmed, and that defendant Willard Sowards be perpetually enjoined from asserting any title to said property; that the defendant E. F. Gutensohn claims an interest in said property adverse to the title of plaintiffs by reason of a quitclaim deed dated March 5, 1940, recorded March 8, 1940, in Book 97, Page 170, of deed records for Lincoln county, Oklahoma, from Benjamin Schwartz, but that said deed was void because said Schwartz did not have title to said property because his title was based only on a quitclaim deed from Schiavone-Bonomo Corporation, a New Jersey corporation, dated December 20, 1939, recorded deed records of said county, Book 97, page 121, and that title of Schiavone-Bonomo Corporation was obtained through a special master's deed from J. S. Parks, special master, duly appointed in the suit in equity, number 545, of the Western District of the United States District Court of the State of Arkansas, which deed was dated July 25, 1939, duly recorded July 29, 1939, in Lincoln county, Oklahoma.

The above action in equity involved the bankruptcy and receivership of the Fort Smith & Western Railway. It appears that the title to the realty involved in this action was obtained by said railway through a condemnation action in 1902 in the district court of Lincoln county, Territory of Oklahoma, in cause number 1222, Fort Smith & Western Railroad Co. v. Sarah Gayman et al., and proceedings in condemnation of school land before the Territorial Governor of the Territory of Oklahoma had in compliance with the provisions of art. 9, chap. 17, Okla. Stat. 1893, and Session Laws (Oklahoma Territory) of 1895, but it is urged that said proceedings did not vest fee-simple title to the property in the railroad, but only an easement for right-of-way purposes so long as it and its successors used and occupied the same

for such purpose; that said railway company is a defunct corporation; that its affairs have been fully liquidated and its right of way has been wholly abandoned for railroad purposes, and that the interest in the property herein of said corporation has reverted to plaintiffs as the owners in fee.

Defendants answered admitting that plaintiff owned the lands described in their petition, except, however, a strip of land one-hundred (100) feet in width, being fifty (50) feet on each side of the center line of the Fort Smith & Western Railroad right of way across said land containing in all six (6) and 08/100 acres, more or less; that they had obtained their interest in said property as alleged by plaintiffs, and admitted generally all the allegations of plaintiffs' petition but denied that they had no interest or title, or that the title which was obtained by condemnation proceedings by the Fort Smith & Western Railroad Company was merely an easement for railway purposes, and when abandoned that such title as it had reverted to the owners in fee of said property, asserting that said railway corporation in said condemnation proceedings obtained a fee-simple title, with right to dispose of same.

Upon the issues thus joined, the case was submitted to the court upon stipulations as to correctness of all deeds in question; that exhibits number one (1) and number two (2) were complete copies of the proceedings had in the condemnation actions; that the land, when condemned, was school land obtained through provisions of the Organic Act; the preference right lease thereon being owned by predecessors of plaintiff, who later exercised their right to purchase the same. Judgment was rendered for defendants. Motion for new trial was overruled, and plaintiffs appeal.

There is no dispute as to the material facts. The condemnation proceedings do not indicate or purport that less than a fee-simple title was intended to be taken. Thus, there remains

only the question, Did the railway company obtain à fee-simple title by its condemnation action?

It is contended by defendants that the case of Jones v. Oklahoma City, 192 Okla. 470, 137 P. 2d 233, is decisive of the issues in this case. However, plaintiffs urge that the Jones case, supra, has no application to lands reserved under the provisions of the Organic Act (Act of May 2, 1890, c. 182, sec. 18, 26 Stat. 89). That part of sec. 18 of said act pertinent to the issues reads:

"That sections numbered sixteen and thirty-six in each township in said Territory shall be, and the same are hereby reserved for the purpose of being applied to public schools in the state or states hereafter to be erected out of the same. In all cases where sections sixteen and thirty-six, or either of them, are occupied by actual settlers prior to survey thereof the county commissioners of the counties in which such sections are so occupied are authorized to locate other lands, to an equal amount, in sections or fractional sections, as the case may be, within their respective counties, in lieu of the sections so occupied."

This court, in Territory v. Choctaw, O. & W. Ry. Co., 20 Okla. 663, 95 P. 420, held that the Territory of Oklahoma received no title to sections 16 and 36 in each township by the provisions of the Organc Act, supra, but that said act reserved such lands for the purpose of being applied to the public schools in the state or states to be created out of the territory. While this case deals with lands in sections 16 and 36, the lands involved in the action at bar appear to be lands selected in lieu of said sections under section 18, Organic Act, supra, but the same rule would apply to other lands selected in lieu thereof.

Now, since the Territory of Oklahoma had no title to the property and the other defendants to the condemnation action being only lessees of the Territory of Oklahoma, the condemnation passed no greater right or title than was had by the parties against whom the proceedings were brought. 30 C. J. S., Eminent Domain, sec. 449. Therefore, defendants are precluded from claiming an absolute or fee-simple estate in said property by reason of their claim of title derived from the condemnation proceedings under the territorial statutes.

The cause is reversed and remanded, with directions to vacate the judgment for defendants and proceed in accordance with the views herein expressed.

ARNOLD, V. C. J., and CORN, LUTTRELL, and O'NEAL, JJ., concur. HALLEY, J., dissents.